WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Hammons, | No. CV-15-01620-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Christopher Hammons' motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 29). The Commissioner has no objection to Plaintiff's motion. (Doc. 30). After reviewing Plaintiff's counsel's statement of hours, and considering the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & n.3 (1983), the Court finds Plaintiff's requested fee award of $3,067.20 to be reasonable. The Court will therefore grant Plaintiff's motion to the extent it seeks an award of attorneys' fees.

Plaintiff also requests, however, that the fee award be made payable directly to his counsel. (Doc. 29 at 4–5). Plaintiff purports that he validly executed an assignment of any EAJA fee award to his counsel. (*Id.*) Plaintiff appears to understand that the Anti-Assignment Act (the "Act") prohibits such an assignment, and thus, requests that the Court order the Commissioner to issue the award directly to Plaintiff's counsel if the Commissioner (1) determines that Plaintiff does not owe an existing debt to the federal government and (2) waives the requirements of the Act. (Doc. 29-1 at 1).

In *Astrue v. Ratliff*, the Supreme Court of the United States construed § 2412(d) and held that EAJA fees are payable to litigants and therefore subject to offsets when a litigant has outstanding federal debts. 560 U.S. 586, 598 (2010). The Supreme Court noted that the government has made direct payments to a litigant's attorney "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 597 (quotations and citations omitted). Since *Ratliff*, district courts in other circuits have ordered fees to be paid directly to a litigant's attorney provided that the government is afforded an opportunity to offset any preexisting debt owed by the plaintiff, and the plaintiff has assigned all rights in the fee award to counsel. *See Meyer v. Astrue*, 2011 WL 4036398, at *3 (D. Minn. 2011).

Nonetheless, the Act forbids the assignment of claims against the United States unless certain requirements are satisfied. *See* 31 U.S.C. § 3727. Namely, such an assignment is permitted only: (1) "after a claim is allowed," (2) when "the amount of the claim is decided," and (3) when "a warrant for payment of the claim has been issued." § 3727(b). In this case, Plaintiff's assignment was executed on August 12, 2015, well before any EAJA claim was "allowed" or the amount "decided." (Doc. 3 at 2). Because Plaintiff's assignment does not meet the Act's requirements, and the Commissioner does not appear to waive the Act's provisions, the Court concludes that the assignment is invalid as contrary to the Act. In any event, the determination of whether to pay Plaintiff's counsel directly "must be made *by the Commissioner* after confirming that Plaintiff has assigned his right to fees and does not owe a debt that is subject to offset under the Treasury Offset Program." *Zamora v. Colvin*, No. CV-13-01970-PHX-DGC, 2014 WL 4388537, at *2 (D. Ariz. Sept. 5, 2014) (citing *Ratliff*, 560 U.S. at 594) (emphasis added). Consequently, the Court will not order the Commissioner to pay the EAJA fees directly to Plaintiff's counsel.[1]

For the foregoing reasons,

---

[1] The Commissioner may ultimately decide to pay the awarded fees directly to Plaintiff's counsel. The Court, however, will not order the Commissioner to do so.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees under the EAJA, (Doc. 29), is **GRANTED** to the extent it seeks $3,067.20 in attorneys' fees. This award is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States of America pursuant to *Ratliff*, 560 U.S. 586. Plaintiff's motion is **DENIED** to the extent it requests that the fees be made payable directly to Plaintiff's counsel. Unless the Commissioner decides otherwise, the award shall be made directly to Plaintiff.

Dated this 12th day of September, 2016.

James A. Teilborg
Senior United States District Judge